**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DWAYNE EDWARD ABRAHAM, | No. 14-35879 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00827-AC |
| v. | |
| OREGON DEPARTMENT OF CORRECTIONS, et al. 2575 Center st NE Salem Or 97301; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Submitted June 9, 2017**

Before:    THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Dwayne Edward Abraham, a former Oregon state prisoner, appeals pro se the

district court's summary judgment grant in his 42 U.S.C. § 1983 action alleging

federal and state law claims related to an early release program.  Reviewing de novo,

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989), we have jurisdiction under 28 U.S.C. § 1291, and we affirm.

There was no error in granting summary judgment on Abraham's § 1983 claims for damages against the Oregon Department of Corrections and state officials acting in their official capacities. The Eleventh Amendment bars those claims, *see Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 989 (9th Cir. 2014), and Oregon did not waive its Eleventh Amendment immunity to suit in federal court by enacting the Oregon Tort Claims Act, *see Webber v. First Student, Inc.*, 928 F. Supp. 2d 1244, 1269 (D. Or. 2013).

Moreover, there was no error in granting summary judgment on the basis of qualified immunity to the state officials sued in their individual capacities. Qualified immunity protects "state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citation omitted). Because it would not have been clear to every reasonable official that Oregon Administrative Rule 291-062-0140 (2005) was unlawful, the state officials here did not violate a "clearly established" statutory or constitutional right. *See id.*; *see also Shinault v. Hawks*, 782 F.3d 1053, 1059 (9th Cir. 2015) ("[P]rocedural due process requirements can rarely be considered

clearly established at least in the absence of closely corresponding factual and legal precedent.") (internal quotation marks and citation omitted).

Finally, there was no abuse of discretion in denying Abraham leave to file a second amended complaint. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). Abraham's motions for appointment of counsel, filed on August 10, 2015, August 28, 2015, and September 24, 2015, are denied.

**AFFIRMED.**